IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PAMELA JO SHEGGEBY

*Plaintiff*

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

*Defendant*

Civil Action No. 1:17-CV-1085

**JURY TRIAL DEMANDED**

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Pamela Jo Sheggeby files this complaint against Defendant State Farm Mutual Automobile Insurance Company and in support thereof would respectfully show the Court as follows:

## PARTIES

1.      Plaintiff Pamela Jo Sheggeby is an adult resident of Williamson County, Texas.

2.      Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm") is a foreign insurance company licensed to do business in Texas. Defendant State Farm maintains its principal place of business at One State Farm Plaza D2, Bloomington, Illinois 61710-0001. Defendant State Farm may be served with summons by serving its registered agent Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), in that there exists complete diversity of citizenship between Plaintiff and Defendant State Farm herein, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      Venue is proper in the Western District of Texas pursuant to 28 USC §1391(a) because Defendant State Farm continuously and systematically does business within the Western District of Texas and is deemed a resident of the Western District of Texas pursuant to 28 U.S.C. §1391(c)(2).  Additionally, venue is proper in the Western District of Texas pursuant to 28 USC §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. Venue is also proper in the Western District of Texas because this Court possesses jurisdiction over the subject matter of this controversy.

## FACTS

5.      This is an uninsured/underinsured motorist lawsuit. It arises from a vehicle collision which occurred on or about October 31, 2012.  On that date, Plaintiff was stopped in traffic on Lakeline Boulevard in Cedar Park, Texas when she was rear ended by a vehicle driven by Earl Brock Gaertner.  At the time of the accident, Plaintiff was driving a Toyota Rav 4 and Mr. Gaertner was driving a Toyota pickup truck.

6.      Plaintiff suffered severe injuries as a direct result of the subject collision, including, but not limited to, neck and back injuries.

7.      Mr. Gaertner was an insured person under a policy of insurance which was in full force and effect and which provided for personal bodily injury liability protection. The insurance policy was with Allstate Insurance Company.  Allstate paid Plaintiff in full its personal

bodily injury protection policy limit and Plaintiff settled her claim against Mr. Gaertner.

8.      At the time of the collision, Plaintiff had uninsured and underinsured motorist coverage under a personal auto policy issued by Defendant State Farm. Plaintiff was operating the vehicle in which she was riding at the time of the collision.

9.      Plaintiff alleges that the amount paid by Mr. Gaertner's insurance company, Allstate, is insufficient to cover her damages from the accident, making Mr. Gaertner an underinsured motorist under Texas law and under Defendant's insurance policy.

10.     Plaintiff made a claim against Defendant on or about April 20, 2016.

11.     Although due demand was made for the payment of benefits under the policy, Defendant has not paid any benefits under the policy.

## CAUSES OF ACTION

### Count 1 – Negligence of Mr. Gaertner

12.     Mr. Gaertner had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.

13.     Mr. Gaertner breached the duty of care including but not limited to the following:

- a.    Failing to control his speed;
- b.    Failing to take (or timely take) evasive action;
- c.    Failing to control his vehicle;
- d.    Failing to keep a proper lookout;
- e.    Failing to timely apply his brakes; and
- f.    Failing to keep an assured distance from the vehicle ahead.

14.     The negligent actions of Mr. Gaertner as set forth above also constituted violations of certain Texas state statutes and local ordinances governing the operation of motor vehicles on Texas roadways. At the time of the collision in question, Plaintiff was among the class of persons specifically intended to be afforded the protection of these statutes and

ordinances governing the operation of motor vehicles, and the collision, bodily injuries and other damages that resulted from each violation of statute or ordinance was the very type of harm that each such statute or ordinance was intended to prevent. Accordingly, the doctrine of negligence *per se* is specifically applicable to the conduct of Mr. Gaertner as described above.

15.     Such negligence of Mr. Gaertner as described above proximately caused, or contributed to cause, the collision in question, and the injuries and other damages sustained by Plaintiff as a result thereof.

16.     As a proximate cause of Mr. Gaertner's negligence, Plaintiff has suffered long term, painful and physically disabling injuries. She has incurred reasonable and necessary medical expenses, loss of wage earning capacity, pain and suffering, mental anguish and physical impairment which damages will continue into the future. Such compensatory damages are sought herein.

### Count 2 – Contractual and Statutory Liability of Defendant

17.     Defendant is liable under the uninsured/underinsured motorist coverage of its policy for all damages in excess of the $30,000 limits paid by Mr. Gaertner's personal bodily injury protection policy to Plaintiff.

18.     Further, Defendant State Farm has failed to make any offer or any reasonable effort to resolve Plaintiff's claims.  Such conduct by Defendant State Farm constitutes bad faith and violates not only the policy issued to Plaintiff, but also the Texas Insurance Code. Plaintiff is entitled to separate additional damages for these violations including statutory, punitive and/or exemplary damages, and attorney's fees which additional damages are sought herein.

### CONDITIONS PRECEDENT

19.     Plaintiff has complied with all conditions precedent to bringing this action and is

4

entitled to prejudgment interest.

## JURY DEMAND

20.     Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays that upon hearing and trial, that judgment

be entered in her favor and against Defendant State Farm for compensatory damages, statutory,

punitive and exemplary damages, attorney's fees, court costs, pre and post-judgment interest as

allowed by law, and for such other and further relief, whether at law or in equity, to which she

may show herself justly entitled.


Dated: November 16, 2017                    Respectfully submitted,

                                            **SHAW COWART, L.L.P.**


                                            */s/ John P. Cowart*
                                            John P. Cowart
                                            Texas Bar No. 04919500
                                            1609 Shoal Creek Boulevard, Suite 100
                                            Austin, Texas  78701
                                            T: 512.499.8900
                                            F: 512.320.8906
                                            jcowart@shawcowart.com

                                            ATTORNEYS FOR PLAINTIFF